**[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 191.]**

CUYAHOGA COUNTY BAR ASSOCIATION *v.* SANTARELLI.

**[Cite as *Cuyahoga Cty. Bar Assn. v. Santarelli*, 1997-Ohio-308.]**

*Attorneys at law—Misconduct—Indefinite suspension—Failure to promptly pay or deliver to client, when requested, funds of the client in lawyer's possession which the client is entitled to receive—Failure to cooperate with bar association disciplinary investigation—Failure to register as an attorney for the 1993/1995 biennium.*

(No. 97-875—Submitted June 11, 1997—Decided September 24, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-52.

————————————

{¶ 1} Early in 1992, Alice M. Morgan paid respondent, Gregory A. Santarelli of Cleveland, Ohio, Attorney Registration No. 0038422, a $1,000 retainer to represent her in divorce proceedings. After the divorce papers were filed, Morgan and her husband reconciled. Respondent's final bill to Morgan on March 11, 1992 totaled $1,695, which included filing fees. On April 11, 1992, Morgan paid $200 to respondent; on June 19, 1992, she paid $247.50; and on September 15, 1992, she paid $500. Thus, Morgan's final payment was $252.50 more than she owed to respondent. Morgan paid the additional amount because she was not sure the reconciliation would go smoothly, and she explained to respondent that should the need arise to pursue the divorce further, she would have paid something on account.

{¶ 2} On February 1, 1993, Morgan asked respondent to return the additional payment. Respondent did not respond to that request, nor did he reply to Morgan's further request in January 1994. After several other attempts to contact respondent, Morgan filed a grievance with relator, Cuyahoga County Bar

Association. After several unsuccessful attempts to contact respondent about Morgan's grievance, relator filed a complaint on June 17, 1996, charging respondent with violating DR 9-102(B)(4) (promptly pay or deliver to a client, when requested, funds of the client in the possession of the lawyer which the client is entitled to receive).

{¶ 3} Because respondent had not cooperated with relator's investigation, relator charged in Count Two of the complaint that respondent had violated Gov.Bar R. V (failure to cooperate in an investigation) and DR 1-102(A)(6) (engaging in conduct which adversely reflects upon an attorney's fitness to practice law). Because respondent had not registered for the 1993/1995 biennium, relator charged in Count Three of the complaint that respondent had violated Gov.Bar R. VI and DR 1-102(A)(6).

{¶ 4} At a hearing before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"), respondent said that in 1991 and 1992 it became increasingly difficult for him to function as a lawyer. During 1994, his last year of practice, he would show up for work and spend the time sleeping in his car in a parking lot. Respondent said he has been treated for depression for the past four years and that he finally quit practicing law because he was disillusioned. Respondent was unemployed in 1995 and is currently working in a sales capacity for an aerospace company. He stated that he was willing to repay Morgan the money that he owed her.

{¶ 5} The panel found the facts as alleged in the complaint and concluded that respondent's failure to repay the funds to Morgan constituted a violation of DR 9-102(B)(4), that his failure to cooperate in the investigation violated Gov.Bar R. V(4)(G) and DR 1-102(A)(6), and that his failure to register violated DR 1-102(A)(6). The panel recommended that respondent be indefinitely suspended from the practice of law. The board adopted the findings, conclusions, and recommendation of the panel.

———————————

*Howard A. Schulman, Frank R. DeSantis* and *Robert J. Vecchio,* for relator.

*Gregory A. Santarelli, pro se.*

———————————

***Per Curiam.***

**{¶ 6}** Having review the record in this case, we adopt the findings, conclusions, and recommendation of the board. Respondent is indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————